## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|   |   |
|---|---|
| In re: | ) |
|  | ) Chapter 7 |
| POLISH-AMERICAN CITIZENS | ) Case No. 21-30357-EDK |
| CLUB INC. OF WILLIMANSETT | ) |
| MASSACHUSETTS, | ) |
|  | ) |
| Debtor | ) |

### MEMORANDUM OF DECISION

On September 17, 2021, the Polish-American Citizens's Club Inc. of Willimansett, Massachusetts (the "Debtor") commenced a voluntary case (the "Bankruptcy Case") under Chapter 7 of the United States Bankruptcy Code. *See* 11 U.S.C. §§ 101 *et seq.* On September 28, 2021, the Debtor filed a copy of corporate resolutions authorizing the filing of the Bankruptcy Case signed by eight people purporting to be members of the Debtor's Board of Directors and Officers (the "Board").

In March 2022, seven of the Debtor's shareholders (the "moving shareholders") filed a motion to dismiss the Bankruptcy Case (the "Motion to Dismiss"). In the Motion to Dismiss and during closing arguments after trial, the moving shareholders raised several arguments in support of dismissal: (1) that at least six of the eight persons whose signatures appear on the corporate resolutions did not sign the resolutions or were not qualified board members because they were not of Polish extraction, because of an impermissible familial relation to the Board's President, or because they were not elected to the Board at the annual meeting; (2) that a meeting of the Board was not held in order to vote on the Bankruptcy Case filing; (3) that the by-laws contemplate that Board members serve a one-year term, but the last annual meeting to elect new officers and directors was held more than one year preceding the Bankruptcy Case filing; (4) that there was not a proper vote on the Board members at the annual meeting held in 2020, because the vote occurred after the meeting was adjourned; (5) that there was no quorum when the Board members were elected at the 2020 annual meeting; (6) that the corporate resolutions may not have been signed prior to the filing of the Bankruptcy Case; (7) that §§ 8(a) and 11 of the Massachusetts General Laws ("MGL") chapter 180 were not complied with; and (9) that it would be inequitable and unnecessary to proceed with the Bankruptcy Case. Accordingly, the shareholders maintain that the resolutions were not valid, the Chapter 7 Petition was not authorized, and the Bankruptcy Case should be dismissed.

David W. Ostrander, the Chapter 7 trustee (the "Trustee") opposed the Motion to Dismiss, relying primarily on an affidavit from the Debtor's President, Dorothy Wojtczak. Wojtczak stated that she called a meeting of the Board in September 2021 and at that meeting the Board voted in

favor of filing the Bankruptcy Case. She said each of the Board members did sign the resolutions. As to the argument that three Board members were not qualified to be Board members, she asserted that the by-laws do not require stockholders to be of Polish extraction[1] and the shareholders' failure to object to the appointment of two family members to the Board effectively ratified their Board membership. Even if those members were not qualified to be on the Board, she said, all of the other Board members, constituting a majority of the Board, signed the resolutions. In closing arguments, the Trustee pressed equitable arguments in support of the Bankruptcy Case filing and reiterated his assertion that all the members of the Board whose signatures appear on the corporate resolutions were valid Board members and did in fact sign the resolutions; thus, the bankruptcy filing was authorized.[2]

A trial on the Motion to Dismiss was held over the course of three days, during which the Court heard testimony from thirteen witnesses and admitted eleven exhibits into evidence. Considering the testimony adduced at trial and the evidentiary record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

"In absence of federal incorporation, [the authority to file a bankruptcy petition] finds its source in local law." *Price v. Gurney,* 324 U.S. 100, 106 (1945). State law thus determines who has the authority to file a voluntary petition on behalf of the corporation. *See id.* at 106–07; *see also Ullrich v. Welt (In re Nica Holdings, Inc.)*, 810 F.3d 781, 789 (11th Cir. 2015).

Chapter 180 of the Massachusetts General Laws ("Chapter 180"), which applies to charitable and other special purpose corporations, applies here, since the stated purpose of the Debtor corresponds to the purposes defined in Chapter 180, § 4(a), (f), and (i) (namely, the Debtor was formed for any civic, educational, charitable, benevolent purposes, athletic purposes, and for the establishment and maintenance of places for reading rooms, libraries or social meetings). *See* Movants' Ex. 1, Art. II.

Chapter 180 does not specifically address the authority to file a bankruptcy case on behalf of a corporation subject to its provisions. The moving shareholders argue that §§ 8(a) and 11 of Chapter 180, which provide rules for the sale or other disposition of all or substantially all the assets of the corporation and for dissolution of the corporation, respectively, and which require a shareholder vote, apply to the authority to file a bankruptcy case. The Court disagrees and holds that §§ 6A and 17 of Chapter 180 grant to a corporation the power to determine the duties and powers of the officers and shareholders, including filing a bankruptcy case, through its by-laws. *See* MGL ch. 180, §§ 6A and 17.

In the case at bar, the Debtor's by-laws grant the Board the authority to exercise all powers and conduct all business of the Debtor (except if specifically provided otherwise by applicable law or in the by-laws). *See* Movants' Ex. I, Art IV § 2. The by-laws do not restrict the authority of the Board to file a bankruptcy petition. Accordingly, if the Board properly authorized the filing, the Bankruptcy Case should not be dismissed. However, if the corporate resolutions were not

---

[1] The Court assumes the implication is that in order to be on the Board, one must first be a stockholder.

[2] Counsel to the Debtor did not file any pleadings in support of or in opposition to the Motion to Dismiss.

2

executed by a Board that was properly formed pursuant to the Debtor's by-laws, then the signatories lacked authorization to file the bankruptcy petition under state law, and this Court "has no alternative but to dismiss the petition." *Price*, 324 U.S. at 106; *see also Franchise Servs. of N. Am., Inc. v. United States Trustee (In re Franchise Servs. of N. Am., Inc.),* 891 F.3d 198, 206–07 (5th Cir. 2018), *as revised* (June 14, 2018).

Pursuant to the Debtor's by-laws, the Debtor's officers (who are automatically members of the Board) and other Board directors are to be chosen by vote at an annual meeting. *See* Movants' Ex.1, Art. IV § 1 and Art. VI § 1. The by-laws further provide that the Board of Directors consist of not less than 5 and no more than 15 directors. *See* Movants' Ex. 1, Art. IV § 1.

The Debtor's last annual meeting was held in February 2020, attended by 92 individuals according to the sign-in sheet. *See* Movants' Ex. 4. The February 2020 meeting was described by some witnesses as chaotic, a fiasco, and a joke. The Court credits the testimony of June Massee and Matthew Roman, as corroborated by the testimony of other witnesses, that although an election of officers was done by ballot at the 2020 meeting, after the officers were elected but before the remaining Board directors were chosen, Wojtczak announced that the meeting was adjourned. At that time many people left. After the adjournment of the meeting, approximately 30 people remained. Someone realized that the remaining Board directors had not yet been elected. At that point, Wojtczak essentially nominated several people to be directors, they agreed, and no one disagreed.[3]

According to the minutes of the February 2020 meeting prepared by Wojtczak, prior to the adjournment of the meeting, 4 officers had been elected by ballot.[4] *See* Movants' Ex. 6. Pursuant to the Debtor's by-laws, those officers also constituted members of the Board. *See* Movants' Ex. 1, Art. IV § 1. As to the remaining purported directors of the Board, the Court finds that they were not properly elected prior to the adjournment of the annual meeting as required by the by-laws. *See* Movants' Ex. 1, Art. VI § 1. At the conclusion of the 2020 meeting, therefore, there were only 4 properly elected Board members. However, the by-laws require the Board to consist of at least

---

[3] *See* testimony of June Massee, June 21, 2022 Tr. 39, June 24, 2022 Tr. 51 (after officers were elected, the meeting was adjourned and almost everyone in attendance left; no other directors were elected prior to adjournment); testimony of Kevin Juchno, June 21, 2022 Tr. 64-66 (directors were not elected prior to adjournment of the meeting; after adjournment, Wojtczak named or asked certain individuals to be directors and no one objected); testimony of Matthew Roman, June 24, 2022 Tr. 30-31 (after Wojtczak adjourned the meeting, she asked among the remaining persons whether they would like to be on the Board); testimony of Marian Zielinski, June 24, 2022 Tr. 10, 15, 21 (a large number of people left halfway through the meeting; directors were not elected, but were chosen by Wojtczak).

[4] A Certificate of Change of Directors or Officers of Non-Profit Corporations was filed with the Commonwealth of Massachusetts Secretary of the Commonwealth for the Debtor on January 3, 2021. It listed 11 members of the Board and indicated that their term expired on February 28, 2021. Movants' Ex. 12. The Certificate lists 5 officers of the Board. The additional officer (the Clerk) was not included in minutes of the meeting attested to by Wojtczak, *see* Movants' Ex. 6, nor did any of the witnesses testify to the election of a Clerk at the February 2020 meeting. The Court concludes that, even if a Clerk was later appointed, the Clerk was not elected at the annual meeting as required by the Debtor's by-laws.

5 members. *See* Movants' Ex. 1, Art. IV, § 1. No annual meetings were conducted to elect officers or directors of the Board after the February 2020 meeting. Accordingly, the Court finds and rules that the corporate resolutions were not signed by a properly constituted Board and the filing of the Debtor's Bankruptcy Case was therefore not authorized.

      For the foregoing reasons, the Motion to Dismiss will be GRANTED. A separate Order will issue forthwith.[5]

DATED:	July 18, 2022	By the Court,

_____
Elizabeth D. Katz
United States Bankruptcy Judge

---

[5] In addition to opposing dismissal of the Bankruptcy Case, the Trustee has also asked the Court to require the moving shareholders to reimburse the Trustee for his time and expenses incurred in the case in defending the shareholders' various motions. The Trustee has cited to no authority in support of such a request, and the Court will not invoke its powers under 11 U.S.C. § 105(a) or its general equitable powers to award the Trustee reimbursement of his legal fees and expenses.

4